FILED

**NOT FOR PUBLICATION**

FEB 25 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA JOSEFA GOMEZ-COREAS,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-72658

Agency No. A098-007-606

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Maria Josefa Gomez-Coreas, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and de novo questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's conclusion that, although the rape by her employer and his subsequent refusal to allow her to leave his home for two years amounted to persecution on account of her particular social group, Gomez-Coreas failed to demonstrate she was persecuted by the government or forces the government was unable or unwilling to control. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) ("Even if we were to assume . . . that Castro-Perez is a member of a particular social group and that the rapes she suffered were persecution because of her membership in that group, her asylum claim fails because she has not shown that . . . the government of Honduras is unable or unwilling to control rape in that country."). Accordingly, Gomez-Coreas' asylum claim fails.

Because Gomez-Coreas did not establish eligibility for asylum, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Gomez-Coreas' contention that the BIA abused its discretion and violated her due process rights by "not acknowledging, addressing, and adjudicating" her motion to terminate is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**